IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-04999-GPG

J. CONCEPCION CALZADA-MORALES,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of Denver Contract Detention Facility Aurora;
TODD BLANCHE, in his official capacity as Attorney General, U.S. Department of Justice;
TODD LYONS, in his official capacity as Senior Official Performing the Duties of the Director of United States Immigration and Customs Enforcement;
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; and
GEORGE VALDEZ, in his official capacity as Director, El Paso Field Office, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security;

Respondents.

---

**ORDER**

---

Before the Court are the Application for a Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241 (Petition) (D. 1) and Petitioner's Motion to Enforce this Court's Order and for Relief (Motion) (D. 10). Because the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

The Court ordered Respondents to respond to the Motion, which requests the Petitione be granted and Petitioner's immediate release (D. 11).

Respondents indicated they are:

> not submitting a brief in opposition to the Motion detailing the facts and circumstances at issue. Respondents recognize that the Court may then decide to grant the Motion and award appropriate relief. If the Court does grant the Motion, Respondents submit that the Court should issue an order that directs Respondents to release Petitioner.

(D. 12).[1]

In view of Respondents' failure to oppose the Motion, which states a viable claim for continued unlawful detention, or provide a basis for denial, it is ORDERED that the Petition (D. 1) is GRANTED and the Motion (D. 10) is GRANTED. *See United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011) ("This court . . . will not craft a party's arguments for him." (quoting *Perry v. Woodward*, 199 F.3d 1126, 1141 (10th Cir. 1999))); *Santucci v. Commandant, United States Disciplinary Barracks,* 66 F.4th 844, 851 n.9 (10th Cir. 2023) ("[U]nder the party-presentation principle, we, not only will not, but 'cannot make arguments for [a party].'" (quoting *Yelloweagle,* 643 F.3d at 1284)))

It is FURTHER ORDERED that Petitioner shall be released from custody within 48 hours. Respondents are ENJOINED from arresting or detaining Petitioner unless and until a final order of removal issues[2] or from imposing conditions in excess of those already in place prior to Petitioner's arrest. The Court maintains jurisdiction to ensure compliance with all aspects of this

---

[1] The Court trusts that Respondents are conducting a full review of each Petitioner's case for community safety concerns and exercising appropriate discretion if they decide not to file a response. If the Government chooses not to respond, the Court is left with only the information provided by Petitioner and has no independent ability to scrutinize Petitioner's claims—particularly with regard to any potential criminal history.

[2] Any request for relief from this Order shall be filed in this case as a Rule 60(b) motion.

Order. *See Phone Directories Co. v. Clark,* 209 F. App'x 808, 812 (10th Cir. 2006) ("It is well-established that a court retains ancillary jurisdiction over subsequent proceedings to enforce its own orders and judgments."); *Peacock v. Thomas,* 516 U.S. 349, 356 (1996) ("Without jurisdiction to enforce a judgment entered by a federal court, the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.").

DATED November 5, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge